Jeffrey S. Kravitz (SBN 66481)
jskravitz@foxrothschild.com
Lena N. Bacani (SBN 213556)
lbacani@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

Attorneys for Plaintiff, WHATRU HOLDING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATRU HOLDING, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BOUNCING ANGELS, INC., a California corporation, EZ INFLATABLES, INC., a California corporation, and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2: 14-CV-05187-BRO-PLA<br><br>Hon. Judge Beverly Reid O'Connell<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:        9/29/14<br>Time:        1:30 p.m.<br>Courtroom:   14<br><br>Complaint filed:   8/29/14 |

## I. INTRODUCTION

Bouncing Angeles ("BA") opposes WhatRU Holding's motion to amend its complaint ("Motion") for three reasons. Specifically, BA alleges that: (1) the deadline for amending pleadings (but no other deadlines) adopted by the Minnesota court should control the case in California; (2) there is no basis to re-join EZ Inflatables ("EZI") in this action; and (3) BA will suffer prejudice in the form of delay of proceedings and expense if WhatRU's amendment is allowed. For the reasons explained below, each of BA's arguments is completely without merit.

The Minnesota court transferred this case to California for Defendant's convenience, not so it could avoid answering for its willful infringement of WhatRU's intellectual property rights. Indeed, the Minnesota court specifically cited the ability of WhatRU to add EZI back into the case as a reason for granting the transfer. [July 1, 2014 Transfer Order, Dkt. No. 61 at 5.] BA's unreasonable refusal to stipulate to WhatRU's amended pleading, which *re-join*s EZI (a party to the original Minnesota complaint that shares the same address and identical products as BA), is simply another attempt to delay the proceedings and run up WhatRU's litigation expenses. Therefore, in addition to granting WhatRU leave to file its amended complaint, the Court should award WhatRU sanctions in the form of reimbursement of its attorneys' fees and costs incurred in bringing this Motion.

## II. ARGUMENT

### A. WHATRU'S MOTION TO AMEND ITS COMPLAINT IS TIMELY

BA takes the untenable position that WhatRU should be precluded from adding back defendant EZI (a defendant named in the initial Minnesota complaint) because WhatRU's motion comes after the July 1, 2014 deadline for amending pleadings set in the Minnesota litigation. BA's argument is ludicrous given that the Minnesota action was not transferred to California until *after the Minnesota deadline to amend pleadings had passed*, meaning that WhatRU would have had to move the Minnesota

1  court to amend its pleading to re-join EZI, which the court had just dismissed from the
2  case for lack of personal jurisdiction.  Obviously, such a motion would have been
3  futile.

4      BA's argument also rejects the clear intention of the parties in recommending
5  the proposed case schedule in their Minnesota Rule 26(f) report, which stated that the
6  proposed deadlines were offered "[t]o the extent that this action is not transferred to
7  the Central District of California."  [Minn. Rule 26(f) Report, Dkt. No. 51 at 3.]

8      Moreover, the law is clear that a trial court has the inherent power or authority
9  to control its own docket.  *See, e.g., People v. North River Ins. Co.,* 200 Cal.App.4th
10  712, 723, 132 Cal.Rprtr.3d 789, 797 (2011).  This inherent power extends to the
11  court's own docket, not the proceedings of any other forum, let alone those in another
12  state.  *See, e.g., PerfectStop Partners, L.P. v. U.S. Bank,* 2007 WL 1813643 (Mo. Ct.
13  App. W.D. July 31, 2007).  This Court has the inherent authority to set its own
14  deadlines for the case and will do so in due time.  Therefore, the dates set by the
15  Minnesota court do not – and cannot – control the California litigation.

16      Because the Minnesota court's July 1, 2014 deadline to amend pleadings cannot
17  be the controlling deadline for WhatRU's amendment in the California litigation,
18  BA's argument that WhatRU must show "good cause for not having amended their
19  complaint[] before the time specified in the scheduling order expired" is incorrect.
20  [Opp'n, Dkt. No. 88 at 5.]  However, even if the stricter standard under Rule 16(b)
21  were required, it's hard to imagine a stronger argument for good cause than exists
22  here.  WhatRU simply could not have amended its complaint before the July 1
23  deadline to rejoin EZI (who had just been dismissed for lack of minimum contacts
24  with Minnesota) because the case had not yet been transferred to California.
25  Therefore, WhatRU had good cause for not seeking to amend its complaint until now.

26      **B.**     **EZI IS PROPERLY RE-JOINED TO THIS ACTION**

27      Contrary to BA's assertions, the rejoinder of EZI to the California action is
28  appropriate under 35 U.S.C. §299 because, as alleged in the Proposed Amended

1 Complaint, both BA and EZI share *the same address* as their principal place of
2 business [Dkt. 80-2 at ¶¶ 6-7], have engaged in patent infringement arising out of the
3 same transaction or occurrence, or series of transactions or occurrences, by making,
4 using, importing, selling or offering to sell *the identical accused products with*
5 *identical model numbers*, over the same time period [Dkt. 80-2 at ¶¶ 27-28, Ex. D at
6 35, E at 41, F at 43, Ex. G at 47], and thus present questions of fact common to both
7 defendants.

8 BA's assertion that joinder is inappropriate because defendants have alleged in
9 declarations filed in Minnesota that each company acted independently in selling the
10 accused products is unavailing.  The law is clear that the sufficiency of the complaint
11 is determined by looking at the facts alleged in the complaint itself.  *See, e.g.,* *K-Tech*
12 *Telecomm., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1282 (Fed. Cir. 2013)
13 ("The court's review is generally limited to the face of the complaint, materials
14 incorporated into the complaint by reference, and matters of judicial notice."), *citing*
15 *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008),
16 *citing* *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499,
17 168 L.Ed.2d 179 (2007).  "In undertaking this review, the court accepts the plaintiffs'
18 allegations as true and construes them in the light most favorable to plaintiffs." *Id.*

19 Here, the facts as set forth in the proposed amended complaint clearly show BA
20 and EZI are acting in concert or, at the very least, share an aggregate of operative facts
21 sufficient to satisfy the requirements of joinder under Section 299.

22 Moreover, the rejoinder of EZI was cited by the Minnesota Court as a basis for
23 granting Bouncing Angels' transfer request. [*See* Order Granting Transfer, Dkt. No.
24 61 at 5 (Minnesota court stating that, by originally filing its action against both EZI
25 and BA, WhatRU has established "its position that its claims against the two parties
26 had some connection that made filing them in the same action appropriate"  and "the
27 possibility of such a related action strongly counsels against keeping the action in this
28 district, where EZI would not be subject to personal jurisdiction for purposes of

Plaintiff's claims" and "personal jurisdiction requirements would be unlikely to pose a barrier to bringing EZI into the transferred action in the Central District of California, if needed by Plaintiff or Bouncing Angels.").]

Having used this relationship between BA and EZI to get the case transferred to California, BA cannot now claim the parties are not properly joined in the California action.

### C. AMENDING THE COMPLAINT WILL NOT PREJUDICE BA

BA next argues that WhatRU should be precluded from amending its complaint because "ignoring the amendments deadline it relied on three months ago, and having to defend a greatly expanded action with new claims and a new co-defendant" would prejudice defendants. [Opp'n, Dkt. No. 88 at 7.] BA asserts such prejudice would take the form of "more delay and expense." [*Id.* at 2.]

BA's arguments are frivolous and completely without merit. First, EZI is not a "new" defendant. Indeed, EZI was a named defendant in WhatRU's originally-filed Minnesota complaint and was subsequently dismissed for lack of sufficient contacts. It's incredulous that BA would argue it will be prejudiced by the rejoining of EZI to the California litigation when it has had notice all along that EZI is accused of infringing WhatRU's intellectual property rights. BA was further put on notice by the Minnesota court's Order granting BA's transfer, at least in part, because EZI could be rejoined to a California action. The lack of prejudice is even more apparent given the fact that BA and EZI share the same operating address and sell identical accused products.

Second, contrary to BA's argument, the proposed amended complaint does not greatly expand the action.[1] The original Minnesota complaint asserted copyright and trade dress infringement claims against both BA and EZI. The only expansion is the

---

[1] A redlined comparison of the Proposed Amended Complaint to the original Minnesota Complaint is attached hereto as **Exhibit A**. A copy of this comparison was provided to BA's counsel on August 18, 2014 but inadvertently not attached to the Bacani Declaration filed in support of WhatRU's motion for leave to amend its complaint.

addition of a single accused product – the Fire Truck Bouncer. Both BA and EZI sell the identical product with the same model number. As relevant documents and witnesses are likely located in or near Defendants' common address, BA will not be forced to expend substantial additional resources to obtain discovery on this claim.

Third, as explained in detail in Section II above, there was no way WhatRU could have amended its Minnesota complaint to rejoin EZI before the July 1, 2014 deadline as the case had not yet been transferred to California. Having moved to transfer the case to California, BA cannot now claim it is prejudiced by the effects of that transfer – namely, the vacating of the Minnesota schedule.

Finally, BA's assertion that it will be prejudiced by WhatRU's amended pleading because it will delay proceedings is totally without merit. Rejoining EZI to the action and including an infringement claim for one additional product will not delay the litigation in any way. No schedule has yet been set in the California action and the parties have yet to submit a proposed schedule to the California Court. Indeed, the parties do not expect to submit a Rule 26(f) report with proposed dates until September 22.

Any delay in the litigation is due solely to BA's motion to transfer the case from Minnesota to California. BA chose to transfer this case and cannot now use that transfer to avoid adjudication on WhatRU's timely and appropriate claims.

### D.  AWARD OF SANCTIONS IS APPROPRIATE

BA's refusal to stipulate to WhatRU's amended complaint is completely unjustified for the reasons set forth above. Not only has BA wasted WhatRU's and the Court's valuable time and resources, but BA's opposition to WhatRU's proposed amendments are so frivolous as to have been brought in bad faith. Therefore, it is appropriate for the Court to award sanctions and require BA to reimburse WhatRU for its reasonable attorneys' fees and costs incurred in bringing this Motion. WhatRU will provide an accounting and evidence of such fees and costs once the Court orders sanctions.

### III. CONCLUSION

In light of the foregoing, WhatRU respectfully requests this Court grant leave to file its proposed First Amended Complaint substantially in the form attached as Exhibit A to the Declaration of Lena Bacani filed in support of WhatRU's Motion. [Dkt. No. 80-2.] Plaintiff further respectfully requests this Court order Defendant to pay Plaintiff's attorneys' fees in relation to this motion as Defendant's refusal to stipulate to Plaintiff's amended complaint was frivolous and designed merely to delay the litigation and run-up Plaintiff's legal costs.

Dated:  September 15, 2014            FOX ROTHSCHILD LLP

                                            By  */s/ Lena Bacani*
                                               Jeffrey S. Kravitz
                                               Lena N. Bacani
                                               Attorney for Plaintiff, WHATRU HOLDING, LLC